```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARCUS ANTHONY MICOLO,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           17-CV-5938(JS)(AKT)

F.B.I. SPECIAL AGENTS #1-3,
and F.B.I. SENIOR SUPERVISING
INVESTIGATOR #1,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Marcus Anthony Micolo, pro se
                    03-A-3985
                    Clinton Correctional Facility
                    P.O. Box 2001
                    Dannemora, NY 12929

For Defendants:     No appearance.
```

SEYBERT, District Judge:

On October 10, 2017, incarcerated pro se plaintiff Marcus Anthony Micolo ("Plaintiff") filed a Complaint in this Court pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), which permits suits against federal employees for violations of federal constitutional rights. Plaintiff sues unidentified individuals, all of whom are alleged to be F.B.I. agents and an FBI investigator (collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. However, Plaintiff did not file the required Prisoner Authorization Form ("Form"). Accordingly, by Notice of Deficiency dated October 17, 2017, Plaintiff was instructed to complete and return the enclosed

Form within fourteen (14) days in order for his Complaint to proceed. On October 27, 2017, Plaintiff timely complied with the Notice of Deficiency and filed the completed Form together with another application to proceed in forma pauperis. (See Docket Entries 9-10.)

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

However, because Plaintiff seeks to challenge his underlying state court criminal conviction, his claims are barred by Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Accordingly, Plaintiff's claims are not plausible and are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's Complaint seeks to challenge Plaintiff's 2003 state court conviction of Robbery in the First Degree and of Unauthorized Use of a Motor Vehicle in the First Degree. (Compl.

---

[1] All material allegations in the Complaint and are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

at 1.) Plaintiff alleges that his Complaint is a "Bivens Action" against the Defendants who are alleged to have withheld evidence from Plaintiff that Plaintiff claims would have been favorable to him in the underlying state criminal case. (Compl. at 1-3.)

According to the Complaint, Plaintiff admits that he "did steal a car from a shopping center parking lot and subsequently use[d] the same in the robbery of the Greenpoint Savings Bank . . . ." (Compl. ¶ 4.) After Plaintiff was indicted, "he began stating that he did rob the [bank] except that he never had his hand in his pocket as was claimed by the bank tellers." (Compl. ¶ 14.) Plaintiff claims that Defendants have video tape and pictures taken from the video that would prove his claim that he did not have his hand in his pocket. (Compl. ¶ 17.) Thus, Plaintiff claims that the First Degree Robbery charge was improperly brought against him and thus, he seeks to challenge that conviction. Plaintiff also seeks to recover a damages award in total sum of $10 million to compensate him for the "[D]efendants actions and/or inactions which resulted in him being charged, tried, convicted, and sentenced to 25 years for a charge he is not guilty of while [D]efendants knew, based on the evidence they had, that [P]laintiff was not guilty of said charge." (Compl. at 4.)

DISCUSSION

I. In Forma Pauperis Applications

Upon review of Plaintiff's declaration in support of the

3

applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that

a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Heck v. Humphrey Bars Plaintiff's Bivens Claims

When a claim for damages calls into question the validity of an underlying conviction, a district court must dismiss the claim, unless the conviction has been invalidated. Heck, 512 U.S. at 487, 114 S. Ct. at 2372. The petitioner in Heck was an inmate with a direct appeal from his conviction pending, who brought a § 1983 action for damages against state officials who, he claimed, acted unconstitutionally in arresting and prosecuting him. Drawing an analogy to the tort of malicious prosecution, the Supreme Court held that an inmate's § 1983 claim for damages was unavailable because he could not demonstrate that the underlying criminal proceedings had terminated in his favor. Id. at 486-87. The Supreme Court in Heck enumerated four methods of demonstrating that a conviction has been invalidated: (1) the conviction was reversed on a direct appeal; (2) an executive order expunged the conviction; (3) a habeas corpus petition was issued by a federal court; or (4) an authorized state tribunal declared the conviction invalid. Id. at 486-87. Although Heck involved Section 1983 claims, it is well-

5

established that <u>Bivens</u> claims are analogous to Section 1983 claims except that Section 1983 applies to state actors, rather than federal actors. <u>Tavarez v. Reno</u>, 54 F.3d 109, 110 (2d Cir. 1995) ("Because the two actions [Section 1983 and <u>Bivens</u>] share the same 'practicalities of litigation', federal courts have typically incorporated § 1983 law into <u>Bivens</u> actions." (collecting cases) (citation omitted)). Further, <u>Heck</u>'s bar has long applied to <u>Bivens</u> actions. <u>Tavarez</u>, 54 F.3d at 110 ("Given the similarity between suits under § 1983 and <u>Bivens</u>, we conclude that <u>Heck</u> should apply to <u>Bivens</u> actions as well." (citing <u>Stephenson v. Reno</u>, 28 F.3d 26, 27 (5th Cir. 1994) (<u>per</u> <u>curiam</u>))).

Here, as is readily apparent and, affording the <u>pro</u> <u>se</u> Complaint a liberal construction, Plaintiff does not allege that his conviction has been invalidated.[2] Because Plaintiff's success on his <u>Bivens</u> claims in this case would necessarily invalidate the conviction, which is not alleged to have been reversed or vacated,

---

[2] Indeed, Plaintiff has already filed three unsuccessful petitions for habeas corpus with this Court. See <u>Micolo v. State of N.Y.</u>, 07-CV-0449(JS) (denying Section 2254 petition by Memorandum and Order dated August 18, 2010, and denying reconsideration by Order dated October 8, 2010, appeal to the Second Circuit dismissed by Mandate dated October 17, 2011, and denying motion to vacate the judgment of dismissal by Order dated August 12, 2012); <u>Micolo v. State of N.Y.</u>, 12-CV-5509 (JS) (dismissing writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Order dated January 7, 2013, and denying reconsideration by Order dated June 26, 2013); <u>Micolo v. Capra</u>, 12-CV-5795(JS) (transferred to the Second Circuit as a successive 2254 petition by Order dated January 4, 2013 and dismissed by Mandate dated March 26, 2013).

6

such claims are not cognizable under Heck. Thus, Heck's bar precludes the adjudication of Plaintiff's Bivens claims, and the Complaint is thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). To the extent that Plaintiff is also asserting pendant state law claims for malicious prosecution and/or negligence, the Court declines, in its discretion, to exercise supplemental jurisdiction over those claims given the dismissal of the federal claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED, however the Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the Plaintiff and to mark this case CLOSED.

SO ORDERED.

<u>/s/ JOANNA SEYBERT    </u>
Joanna Seybert, U.S.D.J.

Dated: April <u> 9 </u>, 2018
      Central Islip, New York